In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-24-00393-CR
_____

**FLORENCIO CASTILLO GUILLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR0324**

## MEMORANDUM OPINION

A jury found Appellant Florencio Castillo Guillen guilty of the first-degree felony offense of murder. *See* Tex. Penal Code Ann. § 19.02(b)(1), (c). The jury assessed Guillen's punishment at fifty years of imprisonment.

Guillen's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.

1

Crim. App. 1978). On March 6, 2025, we granted an extension of time for Guillen to file a pro se brief, but Guillen did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on June 9, 2025
Opinion Delivered June 25, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Guillen may challenge our decision in this case by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.1